**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

---

MHG HOTELS, LLC.; JALI, LLC;      CASE NO. 1:20-cv-01620-RLY-TAB
HOTELS OF SPEEDWAY, LLC;
HOTELS OF DEERFIELD, LLC;
MOTELS OF NOBLESVILLE, LLC;
MOTELS OF AVON, LLP; MOTELS
OF FISHERS, LLP; MOTELS OF
INDIANAPOLIS, LLP; NATVER, LLP;
MOTELS OF SEYMOUR, LLP;
SRI-RAM, INC.; SIVA, INC.;
HIREN, LLP; IDM, LLC; MOTELS OF
NOBLESVILLE 2, LLP; NEAL LODGING,
LLC; MOTELS OF NORTH
AURORA, LLP; RANJAN, LLC;
MOTELS OF BLOOMINGTON, LLC;
RAVI, LLC; HOTELS OF STAFFORD,
LLP; APPLETREE HOSPITALITY, LLC;
EMERALD HOTELS INVESTMENTS,
LLC; GOURLEY PIKE LODGING, LLC;
HOTELS OF DEERFIELD BEACH, LLC;
and MOTELS OF SUGARLAND, LLP;
    Plaintiffs,

    v.

EMCASCO INSURANCE COMPANY, INC,
and UNION INSURANCE COMPANY
OF PROVIDENCE, INC.,
    Defendant.

---

## PLAINTIFFS' AMENDED COMPLAINT

---

Pursuant to the Court's Order granting leave to file an Amended Complaint [Doc. No. 10], MHG Hotels, LLC; Jali, LLC; Hotels of Speedway, LLC; Hotels of Deerfield, LLC; Motels of Noblesville, LLC; Motels of Avon, LLP; Motels of Fishers, LLP; Motels of Indianapolis, LLP; Natver, LLP; Motels of Seymour, LLP; Sri-Ram, INC.; Siva, INC.; Hiren, LLP; IDM, LLC; Motels of Noblesville 2, LLP; Neal Lodging, LLC; Motels of North Aurora, LLP; Ranjan, LLC;

1

Motels of Bloomington, LLC; Ravi, LLC; Hotels of Stafford, LLP; Appletree Hospitality, LLC; Emerald Hotels Investments, LLC; Gourley Pike Lodging, LLC; Hotels of Deerfield Beach, LLC; and Motels of Sugarland, LLP; (collectively "Plaintiffs"), by counsel, for their Complaint against Emcasco Insurance Company, Inc. and Union Insurance Company of Providence, Inc. ("Defendants"), allege and state as follows:

## PARTIES

1.   At all times relevant, Plaintiffs MHG Hotels, LLC; Jali, LLC; Hotels of Speedway, LLC; Hotels of Deerfield, LLC; Motels of Noblesville, LLC; IDM, LLC; Neal Lodging, LLC; Ranjan, LLC; Motels of Bloomington, LLC; Ravi, LLC; Appletree Hospitality, LLC; Emerald Hotels Investments, LLC; Gourley Pike Lodging, LLC; and Hotels of Deerfield Beach, LLC were limited liability companies licensed to conduct business in the State of Indiana, with a principal place of business in Indianapolis, Indiana.

2.   At all times relevant, Plaintiffs Motels of Avon, LLP; Motels of Fishers, LLP; Motels of Indianapolis, LLP; Natver, LLP; Motels of Seymour, LLP; Hiren, LLP; Motels of Noblesville 2, LLP; Motels of North Aurora, LLP; and Motels of Sugarland, LLP were limited liability partnerships licensed to conduct business in the State of Indiana, with a principal place of business in Indianapolis, Indiana.

3.   At all times relevant, Plaintiffs Sri-Ram, INC. and Siva, INC. were corporations licensed to conduct business in the State of Indiana, with a principal place of business in Indianapolis, Indiana.

4.   At all times relevant, Defendants were for-profit Corporations, with a principal place of business in Des Moines, Iowa. Defendants actively write business insurance policies in the State of Indiana.

**JURISDICTION AND VENUE**

5. Jurisdiction and venue are proper in this Court as Defendants regularly conduct business in Marion County and the rest of the State of Indiana. Significant losses to Plaintiff out of which this dispute arises occurred in Marion County. This Court has personal jurisdiction over all parties and subject matter jurisdiction over the claims asserted in this Complaint.

**FACTUAL ALLEGATIONS**

6. Plaintiffs are engaged in the business of hotel development and management.

7. Plaintiff has insured those hotels with Defendants through policies obtained with the advice and counsel of United Insurance Agencies.

8. Each named Plaintiff in this action is the owner of a specific hotel or business related to the operation of hotels, and each business was insured under two comprehensive insurance policies obtained for Plaintiffs by United Insurance Agencies from Defendants (collectively referred to as the "Policy"). See Policy attached hereto as Exhibit A and Exhibit B.

9. On or about July 15, 2019, during the usual course of renewing the policy, MHG Hotels, LLC CEO, Sanjay Patel, was told by Defendants' agent from United Insurance Agencies – and Plaintiffs' only point of contact to that point – that the Policy would cover all business interruptions.

10. The Policy was effective as of August 1, 2019 and was in place at all times relevant to this Complaint.

11. The Policy provided, among other things, protection against losses caused by property damage, interruption or suspension of business and resulting lost profits, extra expenses, and other risks of loss.

12. The Policy provides coverage for "direct physical loss of or damage to Covered

Property".

13. The Policy does not specifically exclude losses from pandemics or government shutdowns and/or restrictions due to the threat of a viral pandemic.

14. In addition to property damage losses, Defendants also specifically agreed to provide coverage to Plaintiffs and to pay Plaintiffs for the "actual loss of Business Income [sustained] due to the necessary suspension of . . . 'operations' during the 'period of restoration'."

15. Additionally, the Policy covers "necessary expenses [incurred] during the 'period of restoration' that you would not [have been incurred] if there had been no direct physical loss or damage to property".

16. Further, the Policy specifically covers losses caused by "damage to property other than property at the described premises, [the Policy] will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by the action of civil authority that prohibits access to the described premises, provided that . . . [a]ccess to the area immediately surrounding the damaged property is prohibited by civil authority . . . and the described premises are within that area but are not more than one mile from the damaged property; and [t]he action of civil authority is taken in response to the dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage".

17. On March 6, 2020, the Governor of the State of Indiana declared that a public health emergency existed throughout the State of Indiana as a result of COVID-19.

18. On March 11, 2020 the World Health Organization declared that the spread of the novel coronavirus – also known as COVID-19 – constituted a global pandemic.

19. In response to the pandemic and threatened spread of COVID-19 throughout the United States, county and state governments in each of the jurisdictions in which Plaintiffs operate hotels

began issuing orders requiring that certain businesses close to the public, operate under significant restraints, and that individuals refrain from non-essential travel, preventing customers from traveling to and staying at Plaintiffs' hotels.

20. The continuous presence of COVID-19 on or around Plaintiff's premises, and/or the threat thereof, has rendered the premises unsafe and unfit for their intended use and therefore cause physical damage or loss to Plaintiffs' property under the Policy.

21. The applicable closures and restrictions were issued in direct response to these dangerous physical conditions, or the threat thereof, and prohibited and/or severely restricted the public from accessing Plaintiffs' businesses, thereby causing the necessary limitation or suspension of Plaintiffs' operations and triggering coverage under the Policy.

22. As a result, Plaintiffs have suffered substantial business loss, and are continuing to increase. These losses are expected to exceed $20 million.

23. On or about March 23, 2020, Plaintiffs submitted a claim to Defendants, requesting coverage for its business interruption losses under the Policy.

24. On or about March 24, 2020 – only one day after submission of the claim – Plaintiff's CEO received several calls from Defendants informing him that Defendants did not intend to cover Plaintiff's losses, and that he should expect a denial letter in the coming weeks.

25. On or about April 24, 2020, Defendants sent a letter to Plaintiff, officially denying the claim.

26. Upon information and belief, Defendants did not perform any material investigation into Plaintiffs' claim.

## COUNT I – BREACH OF CONTRACT

27. Plaintiffs incorporate by reference Paragraphs 1 – 19 of the Complaint as if set forth

herein in their entirety.

28. Plaintiffs timely reporting all losses suffered to Defendants, submitted all necessary paperwork, and complied with all terms and conditions of the Policy.

29. Defendants failed and/or refused to pay Plaintiffs' claims in full, and/or failed to pay Plaintiffs' claims in a timely manner.

30. The Policy constitutes a valid and enforceable contract between Plaintiffs and Defendants and was in full force and effect as of the time Plaintiffs began to suffer the losses insured against the Policy. The Policy provides Building and Personal Property coverage and Business Income and Extra Expense coverage, and other applicable coverages which covered the damage suffered by Plaintiffs.

31. Defendants have breached its insurance contract with Plaintiffs by failing to pay to Plaintiffs the amounts due under the Policy, and/or by failing to pay Plaintiffs the undisputed portion of the losses when they were due.

32. As a direct and proximate result of Defendants' breach, Plaintiffs have suffered substantial damages for which Defendants are liable, in an amount to be established at trial.

## COUNT II – BAD FAITH

33. Plaintiffs incorporate by reference Paragraphs 1 – 26 of the Complaint as if set forth herein in their entirety.

34. Defendants owed Plaintiffs a duty of good faith and fair dealing in conducting its investigation, making coverage determinations, communicated with the insured(s), and in handling and paying Plaintiffs' claims associated with the losses described herein.

35. After receiving notice of the claim made by Plaintiffs, Defendants summarily denied Plaintiff's request for coverage, without conducting a reasonable and adequate investigation of

Plaintiffs' claim.

36. Defendants' lack of investigation and their intent to summarily deny Plaintiffs' claim is evidenced by its denial letter which was issued less than [TIME] after the initial notification of a claim.

37. Defendants' denial of Plaintiffs' claim was unreasonable and made in bad faith.

38. Defendants acted with malice, fraud, gross negligence, and oppressiveness in, including, but not limited to the following ways:

    a. Failing to conduct a full and reasonable investigation;

    b. Making its coverage determination;

    c. Misleading its insured regarding policy conditions and coverage;

    d. Handling and failing to pay Plaintiffs' claims associated with the losses described above; and

    e. Refusing to consider Plaintiff's interest on at least an equal footing with its own.

39. As a direct and proximate result of Defendants' bad faith conduct, Plaintiffs have suffered substantial damages for which Defendants is liable, in an amount to be established at trial.

## COUNT III – FRAUDULENT MISREPRESENTATION

40. Plaintiffs incorporate by reference Paragraphs 1 – 33 of the Complaint as if set forth herein in their entirety.

41. Defendants willfully, deliberately, intentionally, and/or recklessly misrepresented material facts to Plaintiffs, including, but not limited to the following:

    a. The Policy would protect and insure Plaintiffs against damages incurred as a result of government closure and/or travel restriction orders;

    b. The Policy would protect and insure Plaintiffs against damages incurred as a result

of a viral pandemic and/or the threat thereof;

c. The Policy would protect and insure the Plaintiff against losses incurred as a result of an interruption to its business operations; and

d. Should Plaintiffs need to make a claim for such losses, Defendants would promptly pay such a claim in accordance with the Policy

42. The above representations were false and were made by Defendants with knowledge of their falsity or with a reckless disregard for their truth or falsity.

43. Upon information and belief, Defendants never intended to provide Plaintiffs with coverage for property damage or business interruption losses incurred in connection with government closure and/or travel restriction orders issued as a result of a viral pandemic and/or the threat thereof.

44. Upon information and belief, Defendants never intended to reasonably investigate any claim made by Plaintiff with respect to losses incurred in connection with government closure and/or travel restriction orders issued as a result of a viral pandemic and/or the threat thereof.

45. Rather, the representations made by Defendants regarding the coverage available to Plaintiffs for such losses were illusory, deceptive, and made for the purpose of inducing Plaintiffs to purchase insurance coverage from Defendants for which no benefits would ever be provided to Plaintiffs.

46. Plaintiffs relied upon these representations to their detriment.

47. Defendants' fraudulent misrepresentations were willful, deliberate, intentional, and/or done with reckless or conscious disregard for the injuries and damages that would be suffered by Plaintiff as a result of Defendants' misrepresentations.

48. As a proximate result of Defendants' fraudulent misrepresentations regarding the above-

mentioned material facts, Plaintiffs have been damaged and have suffered significant loss.

49. Plaintiffs will continue to incur additional damages as a result of Defendants' fraudulent misrepresentations.

50. Defendants' wrongful actions and conduct warrant the imposition of punitive damages in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant it the following relief:

A. Compensatory damages in an amount sufficient to compensate Plaintiffs for the injuries they have sustained

B. Punitive damages;

C. Attorneys' fees;

D. Court Costs;

E. Interest;

F. Any additional statutory penalties and damages available to Plaintiffs under each of the applicable state's insurance statutes and/or regulations; and

G. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiffs demand trial by jury.

Respectfully submitted,

*/s/ Andrew M. Lehmann*
Andrew M. Lehmann, Attorney No. 31151-06
**MHG Hotels, LLC**
1220 Brookville Way
Indianapolis, IN 46239
Telephone:	317-356-4000 Ext. 204
Fax:	317-356-4004
Email:	alehmann@mhghotelsLLC.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **23rd day of July, 2020**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| Rick L. Hammond<br>Rick.hammond@helperbroom.com | Eman Senteno<br>Eman.senteno@halperbroom.com |
|---|---|
| Justin K. Curtis<br>Justin.curtis@helperbroom.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **23rd day of July, 2020**, properly addressed as follows:

| None. | |
|---|---|

/s/ Andrew M. Lehmann
Andrew M. Lehmann
**MHG Hotels, LLC**
1220 Brookville Way
Indianapolis, IN 46239
Telephone:   317-356-4000 Ext. 204
Fax:              317-356-4004
Email:           alehmann@mhghotelsLLC.com

*Counsel for Plaintiffs*